IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL J. WARNER, | : Civil No. 3:23-CV-1629 |
| Plaintiff, | : |
| | : (Judge Munley) |
| vs. | : |
| | : (Chief Magistrate Judge Bloom) |
| SUBURBAN EMERGENCY MEDICAL SERVICES, | : |
| Defendant. | : |

MEMORANDUM ORDER

I. Introduction

The plaintiff, Michael Warner, initiated this matter by filing a *pro se* complaint on October 2, 2023. (Doc. 1). He subsequently filed an amended complaint on February 26, 2024. (Doc. 12). Both the initial complaint and the amended complaint appear to reference the plaintiff's use of an e-commerce business and trouble that he had with coworkers at Suburban Emergency Medical Services ("Suburban"). (Docs. 1, 12). It further appears that the plaintiff was terminated from Suburban after Suburban became aware of certain Facebook posts by the plaintiff. (*Id.*). Warner filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), asserting an allegation of disability

discrimination under the Americans with Disabilities Act ("ADA"), and he received a Right to Sue letter dated July 7, 2023. (Doc. 1-1 at 11-14). However, neither the complaint nor the amended complaint reference any claim of disability discrimination and only vaguely mention the phrase "hostile work environment." (*See* Docs. 1, 12).

Following several requests by the plaintiff to stay this case for various reasons, which we denied, the defendant answered the amended complaint and subsequently filed a motion for judgment on the pleadings. (Docs. 20, 29). Warner filed a motion to quash the defendant's motion and to further stay this matter pending receipt of documents responsive to his request under the Freedom of Information Act ("FOIA"), which we denied. (Docs. 31, 34). We ordered Warner to respond to the defendant's motion on or before September 30, 2024. (Doc. 35).

Prior to the September 30 deadline, counsel entered an appearance on behalf of the plaintiff and filed a motion for leave to file a second amended complaint. (Doc. 37). However, counsel failed to file a proposed amended complaint with this motion, as required, but argued in his brief that a second amended complaint was "necessary in order to bring the initiating pleadings into compliance with the Local Rules[.]" (Doc. 41 at

2

1). Thus, it is entirely unclear how counsel proposes to amend the first amended complaint, nor is it clear if counsel would need an additional extension of time in which to file a second amended complaint.

For its part, the defendant opposes the motion to amend, arguing that the pleadings have closed, and that counsel's failure to file a proposed amended complaint prejudices the defendant in several ways. (Doc. 43). Suburban contends that by failing to attach a proposed amended complaint and failing to provide any factual or legal bases for amendment, Suburban, as well as the Court, is left to speculate what the proposed amendment would entail. (*Id.* at 3). Further, Suburban contends that permitting an amendment would be futile because many of Warner's claims, as pleaded in his initial and first amended complaint, are procedurally barred by the statute of limitations, which cannot be cured by amendment. (*Id.* at 8-11).

After consideration, and for the following reasons, we will deny the plaintiff's motion for leave to file a second amended complaint and direct him to respond to the pending motion for judgment on the pleadings.

II. Discussion

Rule 15 of the Federal Rules of Civil Procedure permits a party to

amend a pleading once as a matter of course, if amended within a particular timeframe, and with either consent of the opposing party or leave of court in all other cases. Fed. R. Civ. P. 15(a). Leave to amend should be freely given "when justice so requires." *Id.* However, the decision to grant a party's request to amend a pleading lies within the discretion of the court. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). A court may deny a party's request to amend if amendment would result in undue delay, is motivated by bad faith, or would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Amendment is futile if the complaint, as amended, fails to state a claim upon which relief can be granted. *In re Burlington Coat Factory Sec. Litigation*, 114 F.3d 1410, 1434 (3d Cir. 1997) ("In assessing 'futility,' the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6).").

Additionally, Local Rule 15.1 requires that a party filing a motion to amend a complaint must attach the proposed amended complaint to the motion. Local Rule 15.1(a). Courts in this circuit have found that the failure to attach the proposed amended complaint is grounds for denying a motion for leave to amend. *See Lake v. Arnold*, 232 F.3d 360, 374 (3d Cir. 2000) ("We conclude that the Lakes' failure to provide a draft

4

amended complaint would be an adequate basis on which the court could deny the plaintiff's request [to amend the complaint]."); *see also Ridgeway v. Smock*, 2021 WL 807725, at *1 (W.D. Pa. Mar. 3, 2021) (dismissing a motion to amend without prejudice to refiling and attaching a proposed amended complaint).

Finally, "[i]f a motion to amend is filed after the deadline set for amendments under a scheduling order, the moving party must also satisfy Rule 16(b)(4) of the Federal Rules of Civil Procedure." *Schwartz v. Lackawanna Cnty.*, 2024 WL 711614, at *2 (M.D. Pa. Feb. 21, 2024) (citing *Eastern Minerals & Chemicals Co. v. Mahan*, 225 F.3d 330, 340 (3d Cir. 2000); *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84-85 (3d Cir. 2010)). Rule 16 states that the court's scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Courts have great discretion in determining whether a party has met this good cause standard, and in doing so, "regularly find that the standard is not satisfied when a party was aware of the facts that would lead it to amend and failed to act on it." *Schwartz*, 2024 WL 711614, at *3 (quoting *Roggio v. F.B.I.*, 2011 WL 3625042, at *5 (D.N.J. Aug. 17, 2011) (internal quotation marks omitted)).

Here, the deadline to amend pleadings was May 31, 2024. (Doc. 28 at 2). Following this deadline, after the defendant filed its motion for judgment on the pleadings, the plaintiff filed a motion to quash and a motion to stay rather than responding to the motion. (Doc. 31). We denied the plaintiff's motion, and the plaintiff subsequently failed to respond to the motion for judgment on the pleadings, prompting us to issue an order directing a response from the plaintiff on or before September 30, 2024, roughly four months after the motion was filed. (Doc. 35).

We conclude that the plaintiff has failed to show good cause under Rule 16 to modify our scheduling order and allow an amendment of the pleadings. To make such a showing, "[t]he moving party must show that despite its diligence, it could not reasonably have met the scheduling order deadline." *Hutchins v. United Parcel Service, Inc.*, 2005 WL 1793695, at *3 (D.N.J. July 26, 2005). While the motion to amend appears to focus on the fact that the plaintiff was *pro se* initially, we note that "the law is well settled that pro se litigants still must comply with the Court's deadlines or show good cause for failing to do so." *Holmes v. Christie*, 2023 WL 8016055, at *4 (D.N.J. Nov. 17, 2023). Here, the motion to amend fails to assert any compelling reason why the plaintiff

6

could not meet his deadline to amend pleadings or otherwise request an extension of the deadlines. This is particularly so in this case where the plaintiff filed other motions to stay or continue the matter and filed a motion to quash the defendant's motion. Further, while the brief in support of the motion to amend contends that the pleadings are not closed, the deadline for amending pleadings in this matter was May 31, 2024; the fact that the plaintiff failed to retain counsel to assist him in this matter until four months later does not automatically alter the Court's prior scheduling order.

Moreover, we cannot discern from the motion to amend whether the amendment would be futile under Rule 15. This is so because counsel failed to attach a proposed amended complaint to the motion. As we have explained, the failure to attach a proposed amended complaint is grounds for denial of the motion to amend. *See Lake*, 232 F.3d at 374; *Ridgeway*, 2021 WL 807725, at *1. Additionally, we find that this failure to attach a proposed amended complaint prejudices the defendant, who is left to speculate what claims it may have to defend against in a proposed amended complaint filed almost one year after the first amended complaint was filed and against which it has filed a motion for judgment

7

on the pleadings. Accordingly, given that the plaintiff has failed to show good cause to alter the case management order, and further, has failed to attach a proposed amended complaint to the motion, we will deny this motion to amend and direct that the plaintiff respond to the pending motion for judgment on the pleadings.

III. Order

For the foregoing reasons, the motion for leave to file a second amended complaint (Doc. 37) is hereby DENIED.[1] The plaintiff shall file a response to the defendant's motion for judgment on the pleadings **on or before January 28, 2025.**

*S/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge

---

[1] The plaintiff's motion to withdraw his request for an extension of time (Doc. 40) is DENIED AS MOOT, given that the plaintiff filed a brief in support of the motion to amend on the same day.