UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL J. WARNER, | : | No. 3:23-CV-1629 |
| Plaintiff | : | (Munley, J.) |
| v. | : | (Caraballo, M.J.) |
| SURBURBAN EMERGENCY MEDICAL SERVICES, | : | |
| Defendant | : | |

## REPORT & RECOMMENDATION

### I. Introduction

Plaintiff Michael Warner, proceeding pro se, commenced this action against Defendant Suburban Emergency Medical Services ("Suburban") on October 2, 2023. Doc. 1. Warner's initial complaint merely presented a narrative with documents that seemingly seek to support Warner's vague allegations of various workplace disputes and a "hostile work environment," without advancing any specified claims. *Id.* On February 26, 2024, Warner filed the live Amended Complaint, which consists of a single typewritten page, describing the workplace dispute and allusions to being subjected to cyber-attacks and surveillance. Doc. 12. Then, on July 15, 2024, Suburban submitted its

motion for judgment on the pleadings ("the Motion," Doc. 29), reasoning that this suit should be dismissed with prejudice under Federal Rule of Civil Procedure 12(c) for Warner's failure to state a claim. Docs. 29, 30.

Subsequently, Warner's lawyer appeared on September 26, 2024, and moved for another amendment of Warner's complaint. Docs. 36, 37. The Honorable Daryl F. Bloom denied that motion based on the lack of a proposed amended complaint and ordered Warner to respond to the Motion. Doc. 44. The Motion is fully briefed and ripe for decision, and was referred to the undersigned to issue a Report and Recommendation.

As set forth below, the Amended Complaint lacks discernible causes of action and thus fails to provide grounds for the Court to rule on Warner's grievances. Further, the Court has already denied Warner leave to further amend the pleading, because of his failure to follow the Local Rules. There is no apparent reason to reconsider that decision, as Warner amended his complaint once on his own and failed to lodge a proposed amended pleading with his second motion to amend. Accordingly, the undersigned recommends that this action be dismissed with prejudice.

2

## II. Background

On October 2, 2023, Warner filed suit. Doc. 1. Warner submitted three motions between then and the filing of the Amended Complaint, requesting that the Court stay the proceeding due to alleged ongoing investigations. Docs. 5, 8, 10. The Court denied all three motions. Docs. 6, 9, 11. The denial of the third motion, issued on February 23, 2024, noted that Warner should have served Suburban by January 2nd of the same year and directed him to make service by March 8, 2024, or show cause to avoid dismissal. Doc. 11 at 1–2.

Warner lodged the Amended Complaint on February 26, 2024. Doc. 12. Accompanying the new pleading was another motion to stay, which, again, requested that the Court stay the case "to accommodate the ongoing investigation" by the Federal Bureau of Investigation. Doc. 13. The Court denied the fourth motion. Doc. 14. Then Warner filed a brief letter with an attachment, seemingly suggesting that process was delivered to Suburban via mail. Doc. 15.

Then, on April 5, 2024, Suburban lodged a motion for extension, asking that the Court allow it to respond to the Amended Complaint by April 12, 2024. Doc. 17. Suburban filed its Answer on April 8, 2024.

3

Doc. 20.  Judge Bloom declared that a telephonic case management conference would be held on May 22, 2024.  Doc. 25.  The parties thus submitted their joint case management plan (Doc. 26), which stated, among other things, that Warner asserts eight causes of action: (1) whistleblower harassment and retaliation, (2) subordination of perjury, (3) tortious interference, (4) attorney misconduct, (5) hostile work environment, (6) defamation of character, (7) civil rights violations, and (8) pain and suffering.  *Id.* at 1–3.  After the conference, Judge Bloom entered a case management order.  Docs. 27, 28.

On July 15, 2024, Suburban filed the Motion.  Doc. 29.  Suburban argues that, since the two federal claims underlying Warner's action—hostile work environment and civil rights violations—were absent in his complaint to the United States Equal Employment Opportunity Commission ("EEOC"), Warner failed to exhaust his administrative remedies.  Doc. 30 at 7–11.  This failure, Suburban concludes, means that the Court lacks subject matter jurisdiction over those two causes of action and, consequently, supplemental jurisdiction over the remaining six state theories.  *Id.* at 2–11.  Warner failed to file a timely opposition,

4

prompting the Court to order that a response brief be submitted by October 14, 2024. Doc. 35.

Ten days after the Court issued the order, an attorney, persuaded by Warner's "particularly adamant . . . request for assistance," appeared on his behalf. Docs. 36, 37. The lawyer, who agreed to "continue representation . . . if the Court granted leave to amend," requested that the Court grant either leave to further amend the Amended Complaint or an extension to respond to the Motion. Doc. 37 at 1–2.

On October 10, 2024, Warner asked for an extension to file a brief supporting his motion for leave to file a second amended complaint. Doc. 38. The Court obliged, and Warner timely submitted his supporting brief. Docs. 39, 41. Judge Bloom, noting (among other things) that the motion for amendment lacked a proposed amended complaint as required by Middle District of Pennsylvania Local Rule 15.1, denied that motion. Doc. 44.

At the same time, Judge Bloom ordered Warner to respond to the Motion by January 28, 2025. *Id.* at 8. Warner complied and Suburban lodged its reply brief on February 3, 2025, leaving the Motion ripe for review. Docs. 45, 46.

5

## III. Discussion

This lawsuit should be dismissed with prejudice for three reasons: (1) the Amended Complaint fails to state a single cause of action; (2) Warner failed to attach a proposed amended complaint to his motion for leave to amend; and (3) there is no reason for the Court to grant Warner leave to further amend his complaint.

At the closing of the pleading stage, "a motion for judgment on the pleadings under Rule 12(c) is identical to a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Hoffman v. Nordic Nats., Inc.*, 837 F.3d 272, 279 n.47 (3d Cir. 2016) (citing *Turbe v. Gov't of V.I.*, 938 F.2d 427, 428 (3d Cir. 1991)). Also, "[u]nder Rule 12(c), judgment will not be granted unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Mid-Am. Salt, LLC v. Morris Cnty. Coop. Pricing Council*, 964 F.3d 218, 226 (3d Cir. 2020) (alteration in original) (quoting *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290 (3d Cir. 1988)).

A court may dismiss a complaint for its "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Put

differently, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (quotation omitted) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief.").

If "a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Lutz v. Portfolio Recovery Assocs., LLC*, 49 F.4th 323, 328 (3d Cir. 2022) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2009)). Put more pointedly, "[c]onclusory allegations of liability are insufficient." *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (citing *Iqbal*, 556 U.S. at 678). While "[c]omplaints filed by pro se litigants, . . . are liberally construed, [such a pleading] must still 'allege sufficient facts . . . to support a claim.'" *Rivera v. Monko*, 37 F.4th 909, 914 (3d Cir. 2022) (first citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); and then quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted)).

Both Warner and Suburban make their arguments on a faulty premise—namely, that Warner may state his claims through the joint case management plan. Doc. 29 at 2; Doc. 45 at 5–9. The case management plan, however, is not a pleading as defined by the federal rules. Fed. R. Civ. P. 7(a) ("Only these pleadings are allowed: a complaint; an answer to a complaint; an answer to a counterclaim designated as a counterclaim; an answer to a crossclaim; a third-party complaint; an answer to a third-party complaint; and[,] if the court orders one, a reply to an answer."). Nor should the case management plan be read into the complaint. *Warren Gen. Hops. v. Amgen Inc.*, 643 F.3d 77, 82 n.4 (3d Cir. 2011) ("As a general rule, 'a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings.'"[1] (quoting *W. Penn Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 87 (3d Cir. 2010))); *see also Krouse v. Am. Sterilizer Co.*, 126

---

[1] "[A] limited exception exists for documents that are *integral to or explicitly relied upon in the complaint.*" *Warren*, 643 F.3d at 82 n.4 (emphasis in original) (quoting *W. Penn*, 627 F.3d at 87). The Amended Complaint lacks such attachments. While the initial complaint has several documents (Doc. 1-1) concerning Warner's termination, they—including the notice issued by the EEOC—are irrelevant to the Amended Complaint for two reasons. First, those documents are neither integral to nor cited by the Amended Complaint. Second, the Amended Complaint superseded the initial complaint, rendering it a nullity. *See Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019); *see also W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank*, 712 F.3d 165, 171–72 (3d Cir. 2013) (collecting cases establishing that "judicial admissions may be withdrawn by amendment.").

F.3d 494, 499 n.1 (3d Cir. 1997) ("Although a complaint's allegations are to be construed favorably to the pleader, . . . [the Court] will not read causes of action into a complaint . . . .") (citation omitted).

Thus, the Amended Complaint is the only filing that may be considered. *See Warren*, 643 F.3d at 82 n.4; *Krouse*, 126 F.3d at 499. Here, the Court cannot discern whether Suburban is liable to Warner in any way because the Amended Complaint fails to state any theory of liability. The Amended Complaint, in its entirety, alleges thus:

> I started a fundraiser benefiting homeless veterans by selling memorial shirts using my e-commerce website. I made these shirts by request of other coworkers and the fundraising effort was overwhelmingly successful, which introduced its own unique challenges. I was marketing these shirts in a memorial facebook group that was set up for the deceased coworker these shirts were honoring, which is primarily where people interested in purchasing the shirts were located. After a couple of days goes by, a coworker went onto the group and deleted my posts about the fundraiser, announced they were starting their own "foundation" and essentially started a narrative that my business and its operations were fraudulent in nature, and caused significant confusion to people who purchased the merchandise. I quit my job in response, but later chose to stay after I saw the disappointment my colleagues had with my decision. Even though management encouraged me to stay, there was still a lingering resentment about me speaking out against them, which cultivated a hostile work environment where I either quit my job once more or they generated enough justification to terminate me. Upon termination, other coworkers expressed their shock with the decision and provided

additional statements revealing suspicious activity management was engaged in, most notably a conversation of an employee being pressured by the HR representative to say falsifying statements to get others investigated and terminated, I announced I was going to make a documentary about these events to simplify telling my side of the story, and Suburban began sending police and lawyers after me. I received multiple phone calls from police saying I'm not in any trouble, but someone at Suburban felt "threatened" and notified law enforcement. In an effort to protect my reputation I publicly released redacted copies of evidence I will present at trial through social media and my website. The day before I received a second cease and desist letter from Suburban informing me that they notified several police departments of my "threatening" behavior, My website experienced an attempted cyber intrusion where an individual tried to alter my websites DNS settings to render my site completely inaccessible. Once I discovered the IP address was linked to a personal Space X "Starlink" account, I reported the incident to Space X and the FBI tip line, which to my understanding prompted a federal investigation. Shortly after I contacted the FBI, I began noticing suspicious activity on my property where I have unknown vehicles pulling up to my driveway for unnecessary lengths of time. This has never been a concern for the entirety of my residency and I live in a gated community which should provide a barrier from unwanted visitors. These events have been caught on video and documented with law enforcement and development security. Federal Investigation is still pending results.

Doc. 11 (errors in original).

The Amended Complaint plainly lacks an articulation of a legal claim based on its allegations. That is, the Amended Complaint is, quite literally, a complaint, voiced by an apparently aggrieved

individual but bereft of any substance that establishes a cognizable cause of action—much less one over which the Court has subject matter jurisdiction. Also, neither the Motion nor Warner's response brief addresses the existence of a material, factual issue. Therefore, this action warrants dismissal under Rule 12(c). *See Itiowe v. Robert Wood Johnson Univ. Hosp. Hamilton*, 556 F. App'x 124, 126 (3d Cir. 2014) (per curiam) (affirming dismissal partly due to complaint's failure to "suggest the existence of any plausible claim").

The undersigned further recommends that the Court not grant Warner another leave to amend his complaint and dismiss this case with prejudice. Warner exercised his right to amendment under Federal Rule of Civil Procedure 15(a)(1) by submitting the Amended Complaint. Doc. 12. Warner's counsel moved for leave to file another amended complaint, Doc. 37, but the Court denied that motion for the lack of a proposed amended complaint as required by Local Rule 15.1. Doc. 44. And the docket shows no reason to disturb that decision.

The Court of Appeals has repeatedly explained that "courts act within the bounds of their discretion when they reject undeveloped requests for leave to amend that[] . . . are unaccompanied by a proposed

amended pleading." *See, e.g., Garza v. Citigroup Inc.*, 724 F. App'x 95, 101 (3d Cir. 2018) (collecting cases); *Lake v. Arnold*, 232 F.3d 360, 374 (3d Cir. 2000) (observing that absence of proposed amended complaint gives "nothing upon which to exercise [a court's] discretion"). That is, a dismissal partly based on the failure to file a proposed amended complaint may be with prejudice. *See Garza*, 724 F. App'x at 101; *see also Papera v. Pa. Quarried Bluestone Co.*, 948 F.3d 607, 610–11 (3d Cir. 2020) (noting that dismissal with prejudice may be based on "sanction for failure to follow court rules"). Therefore, this dismissal should be with prejudice.

## IV. Recommendation

Accordingly, it is **RECOMMENDED** that:

1. Suburban's motion for judgment on the pleadings (Doc. 29) be **GRANTED**;

2. The Clerk's Office be **DIRECTED** to **TERMINATE** Suburban as the Defendant and **CLOSE** this case;

3. This action be **DISMISSED WITH PREJUDICE**; and

4. The parties be responsible for their own fees and costs.

All parties are further placed on notice that, pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

M.D. Pa. L.R. 72.3. The failure to file timely objections to the foregoing recommendation may constitute a waiver of any appellate rights.

Date: May 27, 2025         *s/ Phillip J. Caraballo*
                           Phillip J. Caraballo
                           United States Magistrate Judge